# Illinois Official Reports

## Appellate Court

---

### *People v. Munson*, 2018 IL App (3d) 150544

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL E. MUNSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0544 |
| Filed | March 27, 2018 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 02-CF-272; the Hon. Cynthia M. Raccuglia, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, Lawrence M. Bauer, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Lytton and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Michael E. Munson, appeals from the circuit court's dismissal of his motion for leave to file a successive postconviction petition. Defendant argues that the court erred because it impermissibly allowed the State to provide input on his motion for leave. We vacate and remand with directions.

¶ 2                                FACTS

¶ 3    Defendant was convicted of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(D) (West 2002)) and sentenced to 40 years' imprisonment. On direct appeal, we affirmed defendant's conviction and sentence. *People v. Munson*, No. 3-04-0703 (2007) (unpublished order under Illinois Supreme Court Rule 23). On May 30, 2008, defendant filed a postconviction petition alleging ineffective assistance of appellate counsel. Following a third-stage evidentiary hearing, the circuit court denied defendant's petition. We affirmed the denial on appeal. *People v. Munson*, No. 3-08-0803 (2011) (unpublished order under Illinois Supreme Court Rule 23). Between January and June 2013, defendant filed two petitions for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)) and a complaint for *mandamus* relief. The circuit court dismissed each of these filings. On appeal, we affirmed the circuit court's dismissals. *People v. Munson*, No. 3-13-0367 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 4    On August 4, 2014, defendant filed a motion for leave to file a successive postconviction petition. Defendant alleged the following cause for filing a successive petition: he inadvertently discovered new information when he sought information about his seized firearms in a Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2014)) request to the Illinois State Police. Through the request, defendant learned that the State had failed to disclose evidence of a laboratory test on inositol—a vitamin B compound that defendant alleged was used to cut cocaine. Defendant alleged that he suffered prejudice as a result of the undisclosed evidence because it could have been used to impeach a witness for the prosecution. The State filed a motion to dismiss defendant's petition.

¶ 5    At the hearing on the State's motion to dismiss, the State argued that defendant had failed to show the cause and prejudice required to bring a successive petition. Defendant argued that he was unable to bring his claim in a prior proceeding because he discovered the results of the laboratory test after he filed an unrelated FOIA claim. Defendant argued he suffered prejudice from the State's failure to disclose the evidence because the defense likely could have used the evidence to obtain a different result at trial. The court granted the State's motion to dismiss, finding that defendant had not shown the requisite prejudice to receive leave to file a successive postconviction petition. Defendant appeals.

¶ 6                               ANALYSIS

¶ 7    Defendant argues that the circuit court erred when it allowed the State to respond to defendant's motion for leave and to make arguments against the motion. Defendant specifically argues the Post-Conviction Hearing Act (Act) prohibits the State from participating in the postconviction proceedings until the petition is advanced to the second

stage. See 725 ILCS 5/122-5 (West 2014). Therefore, defendant contends the cause should be remanded for the circuit court to consider his motion for leave to file a successive postconviction petition without input from the State.

¶ 8    In October 2017, the supreme court addressed this issue in *People v. Bailey*, 2017 IL 121450. In *Bailey*, the supreme court determined "it is premature and improper for the State to provide input to the court before the court has granted a defendant's motion for leave to file a successive petition." *Id.* ¶ 20. That is, it is improper for the circuit court to allow and consider the State's objection to defendant's motion for leave to file a successive postconviction petition. *Id.* Instead, the court must conduct an independent inquiry, without input from the State, into whether defendant should be granted leave to file a successive postconviction petition. *Id.* Applying *Bailey* to this case, we find the circuit court erred when it allowed the State to provide input on defendant's motion for leave.

¶ 9    Having found error, we must determine the proper relief. In *Bailey*, the supreme court acknowledged defendant's request to remand the matter for new proceedings before a new judge. *Id.* ¶ 41. However, the supreme court declined to remand the matter under the circumstances and, instead, conducted a *de novo* review of whether defendant had satisfied the cause and prejudice test. *Id.* ¶ 42. The court concluded that defendant had not satisfied the test and affirmed the circuit court's denial of leave to file a successive postconviction petition. *Id.* ¶¶ 42-45.

¶ 10    Unlike the supreme court, we do not have broad supervisory authority. *People v. Whitfield*, 228 Ill. 2d 502, 520-21 (2007). Instead, we are authorized to "(1) reverse, affirm, or modify the judgment or order from which the appeal is taken; (2) set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken; (3) reduce the degree of the offense of which the appellant was convicted; (4) reduce the punishment imposed by the trial court; or (5) order a new trial." Ill. S. Ct. R. 615(b). Notably, Illinois Supreme Court Rule 615 does not provide the appellate court with the power to conduct a *de novo* hearing on defendant's motion for leave to file a successive postconviction petition. This is consistent with the Act, which expressly contemplates the filing of the petition in the "trial court." 725 ILCS 5/122-1 (West 2014). Therefore, we do not have the power under Rule 615 or the Act to conduct a *de novo* review of defendant's motion for leave.

¶ 11                                          CONCLUSION

¶ 12    The order of the circuit court of La Salle County that dismissed defendant's motion for leave to file a successive postconviction petition is vacated. The cause is remanded with directions for the court to consider defendant's motion without input from the State.

¶ 13    Vacated and remanded with directions.