# Illinois Official Reports

## Appellate Court

***People v. Baller*, 2018 IL App (3d) 160165**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID F. BALLER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0165 |
| Filed | June 27, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 05-CF-510; the Hon. Amy M. Bertani-Tomczak, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Jack Hildebrand, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Justice Holdridge specially concurred, with opinion.<br>Justice Schmidt dissented, with opinion. |

¶ 1 Defendant, David F. Baller, appeals from the trial court's order denying his motion for leave to file a successive postconviction petition. On appeal, defendant argues the State erroneously filed an objection to his motion for leave and the court erroneously considered the State's objection in denying defendant leave. We vacate and remand with directions.

¶ 2 FACTS

¶ 3 Defendant entered an open plea of guilty to one charge of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(8) (West 2002)). The trial court admonished defendant that he could receive a potential sentence of 6 to 30 years' imprisonment and the sentence would be served consecutive to the prison sentence defendant was then serving. Defendant indicated he understood the potential sentence. The court sentenced defendant to 30 years' imprisonment. The court ordered the sentence to run consecutively to the sentence imposed in Cook County case No. 05-CR-0778501.

¶ 4 On November 18, 2011, defendant filed a *pro se* postconviction petition, which raised claims of ineffective assistance of trial and appellate counsel. The court summarily dismissed the petition. On appeal, we affirmed the court's dismissal. *People v. Baller*, 2014 IL App (3d) 120214-U.

¶ 5 On June 19, 2015, defendant filed a *pro se* motion for leave to file a successive postconviction petition. The State filed a written objection to defendant's motion. At a subsequent court date, when only the State was present, the court denied defendant's motion, stating:

> "I've had a chance to review the defendant's petition for leave to file a successive post conviction [*sic*]. I also had a chance to read the State's motion to—or your objection, and I'm going to grant your objection. I'm not going to allow him to file a successive petition for post-conviction relief."

Defendant appeals from the trial court's denial of his motion for leave to file a successive postconviction petition.

¶ 6 ANALYSIS

¶ 7 Defendant argues the court impermissibly relied on input from the State before denying defendant's motion for leave to file a successive postconviction petition. Defendant requests a reversal of the order denying his motion for leave and asks this court to remand the matter for the trial court to consider defendant's motion anew, without input from the State. The State agrees the trial court should not have considered the State's position before denying defendant's request to file a successive postconviction petition. However, the State asserts that remand is unnecessary. On appeal, the State requests this court to affirm the trial court's order because defendant's motion did not adequately allege cause and prejudice.

¶ 8 The issue of whether reversible error arises when a trial court takes the State's position into consideration before ruling on a defendant's motion seeking leave to file a successive postconviction petition was recently addressed in *People v. Bailey*, 2017 IL 121450. In *Bailey*, the supreme court held "it is premature and improper for the State to provide input to the court *before* the court has granted a defendant's motion for leave to file a successive

[postconviction] petition." (Emphasis added.) *Id.* ¶ 20. Ultimately, the supreme court found section 122-1(f) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2016)) requires the trial court to conduct an independent inquiry, without input from the State, before determining whether a defendant is entitled to receive the requested leave necessary to file a successive postconviction petition. *Bailey*, 2017 IL 121450, ¶ 24.

¶ 9    In *People v. Munson*, 2018 IL App (3d) 150544, this court had an opportunity to apply *Bailey* to set aside a trial court's decision granting the State's motion to dismiss the defendant's motion for leave to file a successive postconviction petition. We further found that section 122-1 of the Act expressly contemplates the filing of the petition in the " 'trial court.' " *Id.* ¶ 10 (quoting 725 ILCS 5/122-1 (West 2014)). Therefore, consistent with the spirit of *Bailey* and plain language of the Act, we remanded the cause with directions for the trial court to conduct an independent determination pertaining to whether defendant's motion for leave satisfied the requirement of cause and prejudice. *Id.* ¶ 12.

¶ 10    In this case, the State also opposed defendant's motion for leave to file a successive postconviction petition in the trial court. Here, the court considered the State's opposition before denying defendant's motion. On appeal, both parties agree the trial court's approach was incorrect in light of *Bailey*. Consequently, we conclude that remand to the trial court for new proceedings on defendant's motion, held without input from the State, is appropriate.

¶ 11    The dissenting justice seems to agree that the trial court erred by considering the State's input but contends a remand in this case is not necessary. Specifically, the dissenting justice declares our approach to remand the matter to the trial court in *Munson* misconstrues *Bailey* and was "wrongly decided." *Infra* ¶ 27. Rather than remanding the matter in the case at bar, the dissent would simply affirm the trial court's incorrect decision. Such an approach by the dissent not only affirms the trial court's erroneous procedures but inexplicably repeats the same error by declaring the motion to be insufficient *after* adopting the State's position on cause and prejudice, as expressly argued by the State in this appeal.

¶ 12    We recognize that the *Bailey* court analyzed the contents of Bailey's motion for leave to file a supplemental postconviction petition. *Bailey*, 2017 IL 121450, ¶¶ 42-46. However, unlike this court, the supreme court has been vested with broad supervisory authority by the Illinois Constitution. Ill. Const. 1970, art. VI, § 16. These powers are not limited by any rules or means for their exercise. *People v. Salem*, 2016 IL 118693, ¶ 20.

¶ 13    It appears the dissent bristles at our holding in *Munson* recognizing our intermediate court of review does not possess the same broad supervisory authority exercised by our supreme court in *Bailey*. The dissent announces that "[t]here is nothing about a successive postconviction petition that would take it out of the realm of garden-variety appellate review." *Infra* ¶ 29. The dissent suggests its approach "has nothing to do with supervisory authority but, rather, with our license to affirm for any reason apparent in the record." *Infra* ¶ 29.

¶ 14    While we acknowledge the generally accepted principle that an appellate court may affirm on any basis found in the record, we conclude this *general* principle does not apply in the case at bar. The *Bailey* court expressly held that "the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings." *Bailey*, 2017 IL 121450, ¶ 24. *Bailey* clearly held the State's participation in the trial court constitutes error. *Id.* We presume the holding in *Bailey* precludes the State's discussion of cause and prejudice *before* any court, including our court of intermediate review.

¶ 15        Here, the State's entire seven-page appellee brief argues that defendant has failed to establish cause and prejudice. Clearly, the appellate prosecutor has thoughtfully participated and expressed the State's views on the question of whether defendant's motion in the trial court established cause and prejudice. Ironically, the dissent relies on the State's argument to the point of adopting, verbatim, the State's rationale that "[d]efendant's ignorance of the law cannot amount to cause sufficient to explain his failure to bring this claim in his initial postconviction proceeding." *Infra* ¶ 26. This is simply not the isolationist review required by *Bailey*.

¶ 16        Thus, we emphasize that the procedural posture of the instant case creates an exception to the general principle that an appellate court may affirm on any basis found in the record. The supreme court has expressly held that the Act is entirely a creature of statute and all rights derive only from the statute. *People v. De La Paz*, 204 Ill. 2d 426, 432 (2003). Further, the supreme court has expressly held that review of a motion for leave to file a successive postconviction petition must be conducted in a venue free from State participation. *Bailey*, 2017 IL 121450, ¶ 24. The only way to honor these holdings is to reset the scales of justice and remand the matter to the trial court for an independent evaluation of defendant's motion by expressly ignoring the State's input as expressed both in this court and the trial court.

¶ 17                                        CONCLUSION

¶ 18        The trial court's order denying defendant's motion for leave to file a successive postconviction petition is vacated, and the matter is remanded with directions for the trial court to conduct a *de novo* review of defendant's motion prior to allowing any input from the State. Defendant's request to order the motion to be heard by a different judge is denied.

¶ 19        Vacated and remanded with directions.

¶ 20        JUSTICE HOLDRIDGE, specially concurring:

¶ 21        While I agree with the majority's reversal and remand of this case, I respectfully deviate from its analysis.

¶ 22        In *Bailey*, 2017 IL 121450, ¶ 24, the supreme court expressly held "that the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings." The supreme court observed that "although the Act does not expressly prohibit the State's input, we find that the Act contemplates an independent determination by the circuit court." *Id.* The supreme court reiterated this holding throughout the 24 paragraphs that followed it. See *id.* ¶¶ 25, 27, 39, 48. Following this clear delineation of a rule that requires "an *independent determination by the circuit court*" (emphasis added) (*id.* ¶ 24), the supreme court curiously proceeded to review Bailey's motion outside of the circuit court and after considering the State's argument that the "defendant's motion is deficient on its face." *Id.* ¶¶ 41-46.

¶ 23        The instant case presents a scenario that is procedurally similar to *Bailey*. Following the circuit court's erroneous consideration of the State's objection to the defendant's motion for leave, the State argued against the merits of the defendant's motion in its appellee's brief. In light of the State's continued objection, and out of an abundance of caution, I agree that the case must be remanded for the circuit court to make an independent determination of whether

the defendant has shown cause and prejudice. If we affirm the denial of the defendant's motion, it is difficult to say that our decision was not influenced, at least in some respect, by the State's appellate argument against the motion. See *id.* ¶ 33. Such influence from the State would clearly violate the *Bailey* rule.

¶ 24    JUSTICE SCHMIDT, dissenting:

¶ 25    I respectfully dissent. I agree with the majority with respect to its determination that the trial court erred in allowing the State to participate in the hearing to determine whether defendant was entitled to leave to file a successive postconviction petition. I part company with the majority when it determines application of *Bailey* requires reversal and remand. The *Bailey* court, having found error by virtue of the State's involvement in the trial court's determination to deny leave to file a successive postconviction petition, went on, in the interest of judicial economy, to review defendant's motion. *People v. Bailey*, 2017 IL 121450, ¶¶ 41-42. Because the defendant's motion failed to establish cause and prejudice, the court affirmed the trial court's denial of leave. *Id.* ¶ 46.

¶ 26    Here, it is clear that defendant has failed to allege facts to support cause. Specifically, defendant alleged:

> "2. There is cause for my failure to bring the claim contained in the current petition in my previous post-conviction petition, in that I was unaware of the MSR violation of due process, until my third appeal in January of 2012."

Defendant's ignorance of the law cannot amount to cause sufficient to explain his failure to bring this claim in his initial postconviction proceeding. See *People v. Evans*, 2013 IL 113471, ¶ 13. There is no need to discuss prejudice. Notwithstanding the error, the trial court properly denied defendant's motion for leave to file a successive postconviction petition. Any remand in this case constitutes an absolute waste of judicial resources. The majority argues that since I, after reviewing the record, came to the same conclusion as did the State, I must have relied upon the State's input. *Supra* ¶ 15. Not so! Coming to the same conclusion after a review of the record is decidedly different than relying on the State's argument. The defendant's motion is deficient on its face; ignorance of the law is not cause.

¶ 27    The majority relies on *People v. Munson*, 2018 IL App (3d) 150544, for the proposition that we are without power to affirm in light of the error. *Supra* ¶¶ 9-10. I submit that *Munson* is wrongly decided. The majority determines that we must remand because, "unlike this court, the supreme court has been vested with broad supervisory authority by the Illinois Constitution." *Supra* ¶ 12.

¶ 28    The *Bailey* court's review of the merits of the petition for leave had nothing to do with its supervisory authority. *Bailey*, 2017 IL 121450. We can affirm for any reason apparent in the record. *City of Champaign v. Torres*, 214 Ill. 2d 234, 241 (2005); *Guzzo v. Snyder*, 326 Ill. App. 3d 1058, 1064 (2001). Apparent in this record, as it was in *Bailey*, is the fact that the motion for leave to file a successive postconviction petition is utterly without merit for the reasons set forth above.

¶ 29    The *Munson* court's train jumped the tracks in paragraph 10. *Munson*, 2018 IL App (3d) 150544, ¶ 10. It simply asserted that to review the record to evaluate whether the trial court's error prejudiced defendant involved an exercise of supervisory authority. It never discussed why that is so. The *Munson* court noted, "Notably, Illinois Supreme Court Rule 615 does not

provide the appellate court with the power to conduct a *de novo* hearing on defendant's motion for leave to file a successive postconviction petition." *Id.* There is nothing novel or unique about affirming the trial court in this case without remand, notwithstanding the trial court's error below. We do it all the time. Again, this has nothing to do with supervisory authority but, rather, with our license to affirm for any reason apparent in the record. I need not cite any case authority for the notion that "*de novo*" is an oft-used standard of review in the appellate court. In plain English, the trial court reviewed and denied defendant's motion for leave to file his successive postconviction petition. The trial court erred in allowing the State to participate in that decision. Notwithstanding the error, the ultimate judgment of the trial court was correct. We should affirm. We do this thousands of times a year in cases not involving successive postconviction petitions. There is nothing about a successive postconviction petition that would take it out of the realm of garden-variety appellate review. That portion of the *Munson* court's ruling, holding that affirming without remand involves exercise of supervisory authority, appears to be an anomaly in Illinois jurisprudence. As in *Bailey*, the error below was harmless.

¶ 30        I would affirm the trial court.