# Illinois Official Reports

## Appellate Court

---

### *People v. Partida*, 2018 IL App (3d) 160581

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN J. PARTIDA, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0581 |
| Filed | December 13, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 12-CF-1721; the Hon. Daniel J. Rozak, Judge, presiding. |
| Judgment | Vacated and remanded with instructions. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Mario Kladis, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Presiding Justice Carter concurred in the judgment and opinion.<br>Justice Holdridge specially concurred, with opinion. |

**OPINION**

¶ 1      Defendant filed a *pro se* motion for leave to file a second successive postconviction petition. After a short discussion with the prosecutor on the record, the Will County circuit court denied the motion. Defendant appeals. The trial court's ruling is vacated and remanded for the trial court to conduct an independent determination without considering the State's written objection.

¶ 2      I. BACKGROUND

¶ 3      On October 23, 2013, Steven J. Partida (defendant) entered a fully negotiated guilty plea to one count of home invasion pursuant to section 12-11(a)(3) of the Criminal Code of 1961 (720 ILCS 5/12-11(a)(3) (West 2010)). The trial court sentenced defendant to serve 23 years in the Illinois Department of Corrections. Defendant's sentence included a 15-year firearm enhancement.

¶ 4      In *People v. Partida*, No. 3-14-0925 (2015) (unpublished summary order under Illinois Supreme Court Rule 23(c)), this court affirmed the trial court's summary dismissal of defendant's first postconviction petition. On July 18, 2016, defendant filed a *pro se* motion for leave to file a second successive postconviction petition. On July 26, 2016, the State filed a written objection to defendant's motion. On August 15, 2016, defendant filed a written response to the State's objection. During a hearing on August 26, 2016, the following exchange took place between the court and the State:

> "MS. GRIFFIN: I apologize. I didn't have it diaried. He filed a second motion for leave to file a successive post conviction petition asserting that he was unable to plead guilty in this case because of a mental illness. I did file an objection to that and he had filed a motion in response to my motion—to my objection to his second motion for leave to file a successive post conviction petition.
>
> THE COURT: And his motion is denied.
>
> MS. GRIFFIN: I will prepare an order."

¶ 5      Defendant was not present at the hearing. Defendant filed a timely notice of appeal.

¶ 6      II. ANALYSIS

¶ 7      On appeal, defendant argues the trial court erred when it allowed the State to participate in the court's decision to deny the motion. The State acknowledges it was error for the trial court to permit the State to have any input in the decision-making process on defendant's motion for leave to file his second successive postconviction petition. However, the State submits that this court should, in the interest of judicial economy, conduct a *de novo* review of whether defendant's motion for leave to file a second successive postconviction petition properly alleged cause and prejudice. If not, the State contends this court should deny the request for leave ourselves, rather than remand the case for the trial court to do so.

¶ 8      Generally, the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) permits a defendant to file just one postconviction petition. A defendant may not file a successive postconviction petition absent leave of the trial court. *Id.* § 122-1(f). "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure."

*Id.* The trial court must conduct an independent inquiry, without input from the State, into whether defendant should be granted leave to file a successive postconviction petition. *People v. Munson*, 2018 IL App (3d) 150544, ¶ 8; see *People v. Bailey*, 2017 IL 121450, ¶¶ 48-49.

¶ 9 As a preliminary matter, both parties agree that the trial court erred by allowing the State to have input during the "leave" stage of the postconviction proceedings. See *Bailey*, 2017 IL 121450, ¶¶ 48-49. Thus, the question at hand becomes whether it is proper for this court to determine anew the merits of defendant's motion for leave to file a second successive postconviction petition in the interest of judicial economy. Based on recent precedent from this court, the answer to this question is no. See *People v. Baller*, 2018 IL App (3d) 160165, ¶¶ 10, 16; *Munson*, 2018 IL App (3d) 150544, ¶ 10.

¶ 10 The State argues this court should adopt the dissent's position in *Baller* and make our own *de novo* determination of whether defendant's motion for leave to file a second successive postconviction petition established cause and prejudice. We note that the *Baller* dissent advocates for this approach based on a perceived need for judicial economy, without citing to any statutory authority or existing precedent permitting our court of intermediate review to do so. The dissent in *Baller* falls back on the general notion that a reviewing court may affirm any judgment supported by the record as long as the judgment is correct. *Baller*, 2018 IL App (3d) 160165, ¶¶ 26, 28 (Schmidt, J., dissenting).

¶ 11 The rule set forth by our supreme court in *Bailey* is simple: *the trial court* must grant or deny defendant's motion for leave to file a successive postconviction petition according to the Post-Conviction Hearing Act without input from the State. See *Bailey*, 2017 IL 121450. This rule is not particularly difficult to follow, and requiring trial courts to comply with the statutory blueprint for postconviction proceedings is in the best interest of promoting judicial economy.

¶ 12 We note that defendant has *not* requested a remand of this matter to a judge other than the judge that denied defendant's motion for leave, as did the defendant in *Baller*. Consequently, we remand the case to the trial court to conduct an *independent* determination of the merits of defendant's motion for leave to file a second successive postconviction petition by deciding whether defendant satisfied the requirements of cause and prejudice. Once this independent determination occurs in the trial court, if necessary, the procedural foundation exists for further review.

¶ 13                                III. CONCLUSION

¶ 14 The judgment of the circuit court of Will County is vacated.

¶ 15 Vacated and remanded with instructions.

¶ 16 JUSTICE HOLDRIDGE, specially concurring:

¶ 17 I write separately to expand upon my special concurrence in *Baller*, 2018 IL App (3d) 160165, ¶¶ 20-23 (Holdridge, J., specially concurring). In *Baller*, I noted that remand was appropriate to prevent any concerns that this court's judgment was in any way influenced by the State's argument presented on appeal. Following along those same lines, this case should be assigned to a different trial court judge on remand to fully ensure that the judge does not consider the State's previous objection of record and conducts a genuinely independent examination of the defendant's motion.