**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170683-U

Order filed January 16, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0683 Circuit No. 95-CF-4477 |
| PHILIP HASTINGS, | ) ) ) | Honorable Daniel Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justice Carter concurred in the judgment.
Justice Holdridge specially concurred.

_____

**ORDER**

¶ 1     *Held*: The court erred in allowing the State to participate in defendant's successive postconviction proceedings.

¶ 2     Defendant, Philip Hastings, appeals the dismissal of his successive postconviction petition, arguing that the State improperly participated in the proceedings. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was found guilty of first degree murder (720 ILCS 5/9-1(a)(2) (West 2002)) and was sentenced to 50 years' imprisonment. This court affirmed. *People v. Hastings*, No. 3-02-0520 (2004) (unpublished order under Illinois Supreme Court Rule 23). Defendant subsequently filed two postconviction petitions and a petition for relief from judgment, all as a self-represented litigant. The petitions were all denied or dismissed by the circuit court and upheld on appeal. *People v. Hastings*, No. 3-12-0689 (2014) (unpublished order under Illinois Supreme Court Rule 23); *People v. Hastings*, No. 3-14-0319 (2016) (unpublished dispositional order under Illinois Supreme Court Rule 23); *People v. Hastings*, No. 3-15-0054 (2016) (unpublished dispositional order under Illinois Supreme Court Rule 23).

¶ 5    As a self-represented litigant, defendant filed a motion to file a successive postconviction petition in March 2017. Defendant argued that he should be resentenced under a new sentencing statute that required his mental illness to be considered during sentencing. The State filed a written objection to the motion. After reviewing the petition and objection, the court denied the motion, with prejudice. Defendant did not appeal.

¶ 6    In September 2017 defendant filed another successive postconviction petition as a self-represented litigant, making the same argument. At a hearing on the petition the State informed the court that it had already denied defendant's petition for leave to file a successive postconviction petition that raised the same issue. The court then dismissed the petition.

¶ 7                                II. ANALYSIS

¶ 8    On appeal defendant argues that the case should be remanded for further proceedings on defendant's successive postconviction petition because the State was wrongly allowed to participate in the decision to deny defendant leave to file the petition. Because of the supreme court's decision in *People v. Bailey*, 2017 IL 121450, the court should not have allowed the State

2

to participate in the proceedings on defendant's petition. Moreover, we find that we do not have enough information in the record to make a determination on the merits of defendant's petition.

¶ 9    The Post-Conviction Hearing Act (Act) contemplates the filing of only one postconviction petition. 725 ILCS 5/122-1(f) (West 2016). However, a petitioner may file a successive postconviction petition if the circuit court grants leave to do so, upon the showing of cause and prejudice. *Id.* While defendant did not file a separate motion for leave to file prior to filing his most recent successive postconviction petition in this case, our supreme court has stated, "no separate motion seeking leave is mandated by section 122-1(f) in its current form, nor, as we have demonstrated, is an explicit request even required *if* the circuit court sees fit to consider the matter and rule of its own accord." (Emphasis in original.) *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010). Here, the court considered defendant's petition, within which defendant made an implicit request for leave. Therefore, we will consider the merits of this appeal.

¶ 10    The State confesses that "it was error for the trial court to permit the People to have any input in the decision-making process on the defendant's motion for leave to file his successive petition for post-conviction relief." We accept this confession. Our supreme court has held that. When the circuit court is determining whether a defendant has shown cause and prejudice so as to allow filing of a successive postconviction petition, the State may not participate in the proceedings. *Bailey*, 2017 IL 121450, ¶¶ 20, 24-25, 27. The supreme court reasoned that, as most successive petitions are filed by self-represented litigants, allowing the State to argue against such petitioner is "inequitable, fundamentally unfair, and raises due process concerns." *Id.* ¶ 27.

¶ 11    While the State admits that they committed error, they ask us to review *de novo* defendant's successive postconviction petition to determine whether the motion sufficiently alleged cause and prejudice. Defendant argues that we have no authority to determine the merits. See *People v.*

*Partida*, 2018 IL App (3d) 160581, ¶¶ 7-12. Although we believe we have the authority to determine the merits as set forth in *People v. Lusby*, 2018 IL App (3d) 150189, ¶¶ 16-29, and *People v. Conway*, 2019 IL App (2d) 170196, ¶ 23, we decline to do so in this instance since we have not been provided with enough information to make such a determination.

¶ 12                                   III. CONCLUSION

¶ 13        The judgment of the circuit court of Will County is reversed and remanded.

¶ 14        Reversed and remanded.

¶ 15        JUSTICE HOLDRIDGE, specially concurring:

¶ 16        First, I take note that the State in this case offers no argument on appeal regarding the merits of the defendant's motion for leave to file a successive postconviction petition in keeping with my special concurrence in *People v. Baller*, 2018 IL App (3d) 160165, ¶¶ 20-23 (Holdridge, J., specially concurring). Second, in accordance with my special concurrence in *Partida*, 2018 IL App (3d) 160581, ¶¶ 16-17 (Holdridge, J., specially concurring), this case should be assigned to a different trial court judge on remand to fully ensure that the judge does not consider the State's previous objection of record and conducts a genuine independent examination of the defendant's motion.