# Illinois Official Reports

## Appellate Court

---

### *People v. Coffey*, 2020 IL App (3d) 160427

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNEST COFFEY, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-16-0427 |
| Filed | February 7, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 08-CF-936; the Hon. Albert L. Purham Jr., Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Paul Alexander Rogers, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Jodi M. Hoos, State's Attorney, of Peoria (Patrick Delfino, Thomas D. Arado, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justice O'Brien concurred in the judgment and opinion.<br>Justice Wright specially concurred, with opinion. |

**OPINION**

¶ 1        Defendant, Ernest Coffey, appeals the Peoria County circuit court's denial of his motion for leave to file a successive postconviction petition. Specifically, defendant argues that the court erred in permitting the State to participate in the proceedings on the motion to reconsider the denial of his motion for leave to file a successive petition. We vacate and remand.

¶ 2                                                  I. BACKGROUND

¶ 3        Following a bench trial, defendant was convicted of first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) and sentenced to 60 years' imprisonment. On direct appeal, we affirmed defendant's conviction and sentence. *People v. Coffey*, 2012 IL App (3d) 100164-U, ¶ 28.

¶ 4        Defendant filed a postconviction petition as a self-represented litigant, which he amended several times. The court advanced the petition to the second stage of postconviction proceedings, and the State filed a motion to dismiss. The court granted the State's motion. Thereafter, defendant sought leave to file successive postconviction petitions on three occasions. The court denied leave on each occasion.

¶ 5        Defendant then filed a motion for leave to file a fourth successive postconviction petition, which is the subject of the instant appeal. Defendant sought to raise several claims relating to the court's failure to order a fitness examination prior to his trial. Defendant alleged that he had cause for failing to raise the claim that there was a *bona fide* doubt as to his fitness in his original or amended postconviction petitions because he was mentally ill and was not taking medication. Defendant also alleged that he lacked education and had only recently discovered fitness examination cases. Defendant claimed that he was prejudiced by his failure to raise his claim earlier, among other reasons, because he "was forced into pre-trial and *** post-trial hearings without a fitness examination" and was unfit during that time.

¶ 6        The court found that defendant had failed to satisfy the cause and prejudice test and denied defendant's motion for leave to file a fourth successive postconviction petition.

¶ 7        Defendant filed a motion to reconsider. The court appointed the public defender's office to represent defendant. An assistant public defender appeared before the court and noted that counsel was not typically appointed until a defendant's motion for leave to file a successive postconviction petition had been granted. The assistant public defender then said: "[B]ut assuming that I am appointed counsel for purposes of this motion [to reconsider], I'd ask the Court to just consider it; and depending on what the outcome is, we will perfect [defendant's] appeal rights." The court then asked the State for input. The prosecutor indicated that he had no position on whether the public defender should be appointed but stated that he would have a brief argument if the parties were going to proceed on the motion to reconsider. The court asked the assistant public defender whether he thought he should be appointed on the motion to reconsider. The assistant public defender replied: "Defendants are only entitled to appointed counsel once they get to the second stage." The court then withdrew its appointment of the public defender.

¶ 8        Approximately one month later, a hearing was held on the motion to reconsider. Defendant appeared personally at the hearing, and he was represented by an assistant public defender even though the court had previously allowed the public defender's office to withdraw. The court asked if there was any argument from defendant. The assistant public defender stated:

"[D]efendant's petition was dismissed at the second stage. Apparently he was *pro se*." The assistant public defender stated that he stood on the motion to reconsider that defendant had filed as a self-represented litigant, and he offered no further argument.

¶ 9 The court then asked if there was any argument from the State. The prosecutor asked that the court deny the motion to reconsider. The prosecutor noted that this was the fourth successive postconviction petition that defendant had sought to file and asserted that it did not raise any new issues. The prosecutor stated that defendant had not argued that there was any mistake of fact in the court's earlier ruling on the motion for leave to file a successive petition.

¶ 10 The court denied the motion to reconsider.

¶ 11 The Office of the State Appellate Defender (OSAD) was appointed to represent defendant in this appeal. OSAD filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), claiming that there were no meritorious issues to be raised on appeal.

¶ 12 We denied OSAD's motion to withdraw and ordered the parties to brief the issue of whether the circuit court erred in allowing the State to participate in the proceedings on defendant's motion to reconsider and the applicability, if any, of the holdings in *People v. Bailey*, 2017 IL 121450, *People v. Munson*, 2018 IL App (3d) 150544, and *People v. Baller*, 2018 IL App (3d) 160165, to the instant case. We also ordered the parties to brief the issue of the circuit court's purported authority to appoint counsel on a motion to reconsider the denial of a motion for leave to file a successive postconviction petition.

¶ 13 II. ANALYSIS

¶ 14 Defendant argues that the circuit court erred in allowing the State to participate in the proceedings on the motion to reconsider the denial of defendant's motion for leave to file a fourth successive postconviction petition. We agree.

¶ 15 Section 122-1(f) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2016)) provides that only one postconviction petition may be filed without leave of court. The Act provides that "[l]eave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.*

¶ 16 In *Bailey*, 2017 IL 121450, ¶ 20, our supreme court held that it was "premature and improper for the State to provide input to the court before the court has granted a defendant's motion for leave to file a successive petition." The *Bailey* court noted that the Act was silent as to what role, if any, the State was permitted to play at the cause and prejudice stage of successive postconviction proceedings. *Id.* ¶ 15. Nevertheless, the *Bailey* court held that the Act contemplated an independent determination by the circuit court. *Id.* ¶ 24. The court reasoned:

> "The motion for leave to file is directed to the court, and it is the court that must decide the legal question of whether a defendant has satisfied the section 122-1(f) requirement of showing cause and prejudice. This is a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice. [Citation.] In other words, the court must determine whether defendant has made a *prima facie* showing of cause and prejudice. If the defendant has done so, the court will grant leave for the petition to be filed.

Because the court is capable of making an independent determination on the legal question of whether adequate facts have been alleged for a *prima facie* showing of cause and prejudice and because the statute makes no provision for an evidentiary hearing and the petition, itself, is not actually filed until leave has been granted by the court, we see no reason for the State to be involved at the cause and prejudice stage." *Id.* ¶¶ 24-25.

¶ 17    The *Bailey* court stated that it was "further persuaded that the section 122-1(f) requirement of demonstrating cause and prejudice should be an independent determination by the court because successive postconviction petitions are typically filed *pro se* and the Act makes no provision for a defendant to be entitled to counsel until after a postconviction petition is docketed." *Id.* ¶ 27. The court reasoned that "permitting the State to argue against a finding of cause and prejudice at this preliminary stage, when the defendant is not represented by counsel, is inequitable, fundamentally unfair, and raises due process concerns." *Id.*

¶ 18    In the instant case, unlike in *Bailey*, the State did not participate in the initial proceedings on defendant's motion for leave to file a successive petition. Rather, the State participated in the proceedings on defendant's motion to reconsider the denial of leave. We are not aware of any cases concerning the State's participation in the proceedings on a motion to reconsider the denial of leave to file a successive petition, and the parties have cited none. However, we find that the holding in *Bailey* applies with equal force to proceedings on a motion to reconsider the denial of leave. The *Bailey* court held that it was "premature and improper for the State to provide input to the court before the court has granted a defendant's motion for leave to file a successive petition." *Id.* ¶ 20. The proceedings on a motion to reconsider the denial of leave occur before the court has granted leave to file the successive petition. Also, a motion to reconsider the denial of leave concerns the same substantive question at issue in a motion for leave—namely, whether a defendant has made an adequate showing of cause and prejudice such that the court should grant leave to file a successive petition. Accordingly, we find that the State's participation in the proceedings on defendant's motion to reconsider was premature and improper. See *id.*

¶ 19    In reaching our holding, we recognize that, unlike in *Bailey*, defendant was represented by counsel in the proceedings on his motion to reconsider. However, appointed counsel seemed confused as to why he was appointed and did little to advocate for defendant. At the hearing on the motion to reconsider, counsel incorrectly stated the petition had been denied at the second stage of postconviction proceedings and merely stood upon the motion defendant had filed as a self-represented litigant.

¶ 20    Moreover, while the *Bailey* court found the self-represented status of most defendants in successive postconviction proceedings to be a significant consideration, we do not believe that the holding in *Bailey* is limited to situations where the defendant is a self-represented litigant. The *Bailey* court found that the Act did not contemplate State participation at the cause and prejudice stage because it involved a question of law to be decided on the pleadings and because the Act did not provide for an evidentiary hearing at that stage. *Id.* ¶ 24. This reasoning would also apply where a defendant was represented by counsel. The *Bailey* court went on to state that it was "*further persuaded* that the section 122-1(f) requirement of demonstrating cause and prejudice should be an independent determination by the court because successive postconviction petitions are *typically* filed *pro se* and the Act makes no provision for a defendant to be entitled to counsel until after a postconviction petition is docketed." (Emphases

- 4 -

added.) *Id.* ¶ 27. By acknowledging that successive postconviction petitions were *typically* filed by self-represented litigants, the *Bailey* court implicitly recognized that such petitions are not *always* filed by self-represented litigants. Nevertheless, the *Bailey* court did not expressly limit its holding to situations where defendants are self-represented.

¶ 21    Having determined that the court erred in allowing the State to participate in the proceedings on defendant's motion to reconsider the denial of leave to file a successive petition, we now consider the appropriate remedy. Defendant argues that the matter should be remanded to the circuit court for an independent cause and prejudice determination pursuant to our holdings in *Munson*, 2018 IL App (3d) 150544, ¶ 10, *Baller*, 2018 IL App (3d) 160165, ¶ 10, and *People v. Partida*, 2018 IL App (3d) 160581, ¶ 12. The State argues that we should independently review the circuit court's cause and prejudice determination in the interest of judicial economy. Courts have been divided on the proper approach to this issue.

¶ 22    In *Bailey*, the supreme court found that remand was unnecessary and reviewed the circuit court's cause and prejudice determination "[i]n the interest of judicial economy." *Bailey*, 2017 IL 121450, ¶ 42. Subsequently, several cases decided by this district have held that the appellate court must remand to the circuit court for an independent determination because the appellate court does not have the supervisory authority of the supreme court to conduct an independent determination. *Munson*, 2018 IL App (3d) 150544, ¶ 10; *Baller*, 2018 IL App (3d) 160165, ¶ 12. Justice Schmidt dissented in *Baller* and stated that he would affirm the circuit court's denial of the motion for leave to file a successive postconviction petition without remand on the basis that the appellate court may affirm for any reason apparent in the record. *Baller*, 2018 IL App (3d) 160165, ¶ 26 (Schmidt, J., dissenting).

¶ 23    In *People v. Lusby*, 2018 IL App (3d) 150189, *appeal allowed*, No. 124046 (Ill. Jan. 31, 2019), this district departed from the approach it had taken in *Munson* and *Baller* without citing these prior decisions. In *Lusby*, the court found that the State had improperly participated in proceedings on the defendant's motion for leave to file a successive postconviction petition. *Id.* ¶ 33. However, the majority in *Lusby* went on to find that the defendant had established cause and prejudice and granted relief on the successive petition without first remanding for an independent cause and prejudice determination in the circuit court. *Id.* ¶¶ 24, 28-29. Justice Carter dissented on the basis that he would have found that the defendant failed to establish prejudice. *Id.* ¶¶ 40-41 (Carter, J., dissenting).[1]

¶ 24    Other districts that have considered this issue have not followed *Munson* and *Baller*. In *People v. Conway*, 2019 IL App (2d) 170196, ¶ 23, the Second District held that it was unnecessary to remand the case for an independent cause and prejudice determination where the State had participated at the cause and prejudice stage. The *Conway* court found that the *Bailey* court was not exercising its supervisory authority when it reviewed the circuit court's cause and prejudice determination. *Id.* ¶¶ 15-17. Rather, the *Conway* court held that the *Bailey* court's review of the defendant's motion for leave to file a successive petition was rooted in considerations of judicial economy, which applied with equal force to the appellate court. *Id.* ¶ 15. The court further noted that remand may be appropriate in some cases, as the *Bailey* court

---

[1]The supreme court granted the State's petition for leave to appeal in *Lusby*. Defendant notes that the State's brief in *Lusby* argues that the court should adopt the reasoning set forth in *Munson* and *Baller*, which is inconsistent with the State's position in the instant case.

did not hold that a reviewing court must always undertake its own review of a circuit court's ruling on a motion for leave to file a successive petition. *Id.* ¶ 23.

¶ 25    In *People v. Ames*, 2019 IL App (4th) 170569, ¶ 23, the Fourth District agreed with the *Conway* court that "an appellate court may choose for the sake of judicial economy to review a circuit court's denial of a motion for leave to file a successive postconviction petition when the State has been involved."

¶ 26    We find the *Conway* court's position to be persuasive. That is, we believe that the *Bailey* court's review of the circuit court's cause and prejudice determination was rooted in concerns of judicial economy rather than an exercise of supervisory authority. Accordingly, we find that we may, but are not required to, conduct an independent review of the circuit court's cause and prejudice determination in the interest of judicial economy. See *Conway*, 2019 IL App (2d) 170196, ¶ 23; *Ames*, 2019 IL App (4th) 170569, ¶ 23. We recognize that this is a departure from our prior holdings in *Baller* and *Munson*. While we do not believe that remand was incorrect in *Munson* and *Baller*, we believe that those cases were incorrectly decided insofar as they held that remand was *required*.

¶ 27    Although we may independently review the circuit court's cause and prejudice determination in the instant case, we choose to remand for an independent determination in the circuit court.[2]

¶ 28    Finally, we note that we ordered the parties to brief the issue of whether the circuit court has authority to appoint counsel to represent a defendant on a motion to reconsider the denial of a motion for leave to file a successive postconviction petition. The appointment of counsel at this stage is unusual, and the Act neither expressly allows nor prohibits it. Defendant argues that although he did not have a right to counsel under the Act until the second stage of postconviction proceedings, the court had discretionary authority to appoint counsel at the cause and prejudice stage. The State argues that the court erred in appointing counsel because the Act does not provide for a right to counsel at the cause and prejudice stage. Even if we were to accept the State's argument that the appointment of counsel at this stage was improper, it would not affect the outcome of this case because a possible error in the appointment of counsel does not defeat defendant's *Bailey* claim. See *supra* ¶ 20.[3]

¶ 29                                III. CONCLUSION

¶ 30    The judgment of the circuit court of Peoria County is vacated. The cause is remanded for new proceedings on defendant's motion for leave to file a successive postconviction petition

---

[2]At oral arguments, defense counsel discussed the issue of whether counsel should be reappointed to represent defendant on remand. This matter was not raised in the briefs, and we take no position on it.

[3]The State has filed a motion to add authority seeking to cite our recent decision in *People v. Moore*, 2019 IL App (3d) 170485. We allow this motion. In *Moore*, we held that the defendant could not complain of the reasonableness of the assistance of court-appointed counsel at the cause and prejudice stage because the defendant had no right to counsel at that stage of postconviction proceedings. *Id.* ¶ 12. We find *Moore* to be distinguishable from the instant case. In the instant case, unlike in *Moore*, defendant is seeking relief based on the State's unauthorized participation in the proceedings on his motion to reconsider the denial of leave rather than the inadequacy of his counsel's performance.

without participation from the State.

¶ 31    Vacated and remanded.

¶ 32    JUSTICE WRIGHT, specially concurring:

¶ 33    I agree this matter should be remanded to the trial court for an independent review of defendant's request for leave to file a successive postconviction petition without any input from the prosecution. Without question, in this appeal, I agree with my respected colleagues that remand is the appropriate remedy.

¶ 34    I write separately because I respectfully disagree with the majority's conclusion pertaining to the holdings in *Baller* and *Munson.* I recognize that judicial economy is served when an appellate court elects to take the reins away from the trial court on the issue of whether a successive postconviction petition should be allowed or denied. This issue of improper prosecutorial participation is now appearing in our court with some regularity, and there is a temptation to speed up the process by making the decision here. Yet, if the trial courts are not respectfully reminded by mandated remand that these postconviction decisions must take place without any voluntary or court-ordered input from the prosecution, then the errors in the trial court will repetitiously continue. This does not favor judicial economy.

¶ 35    My observation above is not intended to be critical of the trial courts. Ignoring the prosecution's view is counterintuitive for a trial judge because trial courts dutifully avoid decision-making based solely on one party's position. Thus, since the process on remand is very abbreviated, it does not seem burdensome for the trial court to dispose of these matters. In the long run, the required remand may reduce the number of appeals where *Bailey* violations are at issue.

¶ 36    When addressing the poetic question of whether to remand or not to remand, it is necessary for me to consider the insight expressed by Justice Holdridge in his separate offering in *Baller.* In *Baller*, Justice Holdridge observed that if our court, or any court, affirms the denial of the defendant's motion for leave to file a successive postconviction petition, "it is difficult to say that [the reviewing court's] decision was not influenced, at least in some respect, by the State's appellate argument against the motion. [Citation.] Such influence from the State would clearly violate the *Bailey* rule." See *Baller*, 2018 IL App (3d) 160165, ¶ 23 (Holdridge, J., specially concurring). I adopt Justice Holdridge's logic here.

¶ 37    I recognize that the State has not meaningfully participated in this appeal based on Justice Holdridge's practical observations in *Baller*. Nonetheless, unfounded perceptions of impropriety may develop when the record documents that the appellate court's decision was consistent with the State's negative view below.

¶ 38    Next, I share some additional thoughts that could be fairly labeled as pure *dicta*. If an appellate court, unlike our court in this case, exercises its discretion to deny leave to file a successive postconviction petition, I contend that automatic prejudice surfaces that has not been extensively considered in the case law. On one hand, a defendant must only persuade a *single* judicial mind in the trial court, under pristine conditions, that justice will be served by allowing a request for leave to file a successive postconviction petition. Further, if the trial court reaches the same decision after remand, then the defendant retains a viable option to appeal that unfavorable ruling.

¶ 39        On the other hand, when an appellate court decides the question of leave without remand, then a defendant must persuade at least two judicial minds to rule in his or her favor on the question of leave. Moreover, when an appellate court denies leave, there are additional procedural hoops for the defense. Specifically, the defendant must ask for leave again, this time for leave to take the matter to a higher court. Even then, further review is not assured. Therefore, while I agree with the outcome in this case, I respectfully submit that *Munson* and *Baller* were correctly decided in all respects.

¶ 40        Finally, with the utmost respect, I observe that since the approach taken by our court in this appeal is consistent with the outcome in *Munson* and *Baller*, it may not have been necessary to abdicate the holdings in those cases as we await guidance from our supreme court on the issue of mandatory remand.