# Illinois Official Reports

## Appellate Court

---

### *People v. Smith*, 2020 IL App (3d) 170666

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICKEY D. SMITH, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-17-0666 |
| Filed | July 28, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CF-1345; the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, Roxanna A. Mason, and Mario Kladis, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Nicholas A. Atwood, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel          JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice Lytton concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.

**OPINION**

¶ 1          The defendant, Mickey D. Smith, appeals the Will County circuit court's denial of his motion for leave to file a successive postconviction petition. Specifically, the defendant argues that the court erred in seeking and relying on input from the State in denying his motion.

¶ 2                                    I. BACKGROUND

¶ 3          The defendant was charged by indictment with two counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2010)) and one count of being an armed habitual criminal (*id.* § 24-1.7). The defendant pled guilty to one count of first degree murder in exchange for the State's agreement to dismiss the other two charges, withdraw its intent to seek enhanced sentencing, and recommend a sentence of 30 years' imprisonment. The court accepted the defendant's plea and sentenced him to 30 years' imprisonment. The defendant did not file a direct appeal.

¶ 4          Approximately three months after pleading guilty, the defendant filed a *pro se* postconviction petition. The petition alleged that the defendant's plea should be vacated because his sentence was void. Specifically, the defendant alleged that his sentence was not authorized by statute because it did not contain a mandatory firearm enhancement. The circuit court summarily dismissed the petition. The appellate court reversed the judgment of the circuit court, holding that the defendant's sentence and plea were void. *People v. Smith*, 2013 IL App (3d) 110738, ¶ 14. The supreme court reversed the judgment of the appellate court and affirmed the judgment of the circuit court. *People v. Smith*, 2015 IL 116572, ¶ 35.

¶ 5          The defendant filed a motion for leave to file a successive postconviction petition. The defendant sought to raise a claim that the court improperly allowed the State to amend the indictment without filing a motion requesting the court's permission or resubmitting it to the grand jury.

¶ 6          At a status hearing at which the defendant was not present, the court noted that the motion for leave to file a successive petition had been filed. The court asked: "I think the State is supposed to respond to this, right?" The court then granted an assistant state's attorney's request to continue the matter. The State filed an "Objection to Motion for Leave to File a Successive Post-Conviction Petition," which argued that the defendant had not met the cause and prejudice standard. The defendant filed a response.

¶ 7          During a hearing at which the defendant was not present, the circuit court stated that it was denying the defendant's motion for leave to file a successive postconviction petition and "granting the State's motion to dismiss."

¶ 8                            II. ANALYSIS

¶ 9        The defendant argues that the circuit court improperly sought and relied on the State's input in denying his motion for leave to file a successive postconviction petition. The State concedes that the circuit court erred in seeking and relying on its input at the cause and prejudice stage, and we accept the State's confession of error on this point. Our supreme court held in *People v. Bailey*, 2017 IL 121450, ¶ 20, that it was "premature and improper for the State to provide input to the court before the court has granted a defendant's motion for leave to file a successive [postconviction] petition."

¶ 10       The defendant argues that the case should be remanded for further proceedings on his motion for leave to file a successive postconviction petition as a result of this error. The State requests, in the interest of judicial economy, that we conduct an independent cause and prejudice determination rather than remanding the matter. We note that the supreme court and appellate court have reviewed the merits of defendants' motions for leave to file successive postconviction petitions in several cases in the interest of judicial economy. See, *e.g.*, *id.* ¶ 42; *People v. Conway*, 2019 IL App (2d) 170196, ¶ 23; *People v. Ames*, 2019 IL App (4th) 170569, ¶ 23.

¶ 11       However, we believe that the best practice is to remand the matter to the circuit court to conduct an examination of the motion for leave without the State's improper participation. A new judge who has not already heard the State's objection should preside over the proceeding on remand. This will ensure that the *circuit court* conducts a truly independent examination of the motion for leave. See *Bailey*, 2017 IL 121450, ¶ 24 ("[W]e find that the [Post-Conviction Hearing] Act contemplates an independent determination by the circuit court."). If the motion for leave is denied by the circuit court after an independent determination, the defendant will then have the opportunity to seek review of the circuit court's decision in this court.

¶ 12       Notably, in the instant appeal, neither party has made any argument regarding the merits of the defendant's motion for leave to file a successive postconviction petition. The defendant requests only that we remand the matter, and the State expressly declines to make an argument regarding the merits due to the concerns set forth in Justice Holdridge's special concurrence in *People v. Baller*, 2018 IL App (3d) 160165, ¶¶ 20-23 (Holdridge, J., specially concurring). Specifically, Justice Holdridge cautioned that appellate argument from the State may influence the appellate court's decision, which would violate the rule set forth in *Bailey*. *Id.* Because appellate argument on the merits of the motion for leave has not been provided by either party and because such argument from the State—the only party requesting that we review the merits—would be improper at this stage, the more appropriate procedure is to remand the matter to the circuit court.

¶ 13       The dissent asserts that our decision to remand the matter is based on this court's earlier decision in *People v. Munson*, 2018 IL App (3d) 150544. In *Munson*, this court held that the *Bailey* court reached the merits of the motion for leave to file a successive postconviction petition as an exercise of supervisory authority, which the appellate court lacks. *Id.* ¶ 10. However, our holding in the instant case is not that remand is *required* based on the appellate court's lack of supervisory authority. Rather, our holding is that remand is the more appropriate remedy based on the *Bailey* court's reasoning that the "the [Post-Conviction Hearing] Act contemplates an independent determination by *the circuit court*" (emphasis added) (*Bailey*, 2017 IL 121450, ¶ 24) and the fact that neither party has argued the merits of the motion for leave (*supra* ¶ 12).

¶ 14　We acknowledge that the *Bailey* court went on to address the merits of the motion for leave to file a successive postconviction petition and that other cases have held that the appellate court *may* reach the merits in the interest of judicial economy. See *Bailey*, 2017 IL 121450, ¶ 42; *Conway*, 2019 IL App (2d) 170196, ¶ 23; *Ames*, 2019 IL App (4th) 170569, ¶ 23. However, none of these cases have held that the appellate court is *required* to reach the merits. Even if we accept that we have the power to reach the merits, we decline to do so for the aforementioned reasons.

¶ 15　Finally, the dissent suggests that following our logic regarding the need for a new judge on remand, this panel may be prohibited from deciding the defendant's next appeal. We believe these concerns are unfounded. Unlike the original trial judge, this panel has not considered the merits of the defendant's motion for leave to file a successive postconviction petition.

¶ 16　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 17　The judgment of the circuit court of Will County is vacated. The matter is remanded with directions for the circuit court to conduct an independent determination of the defendant's motion for leave to file a successive postconviction petition before a new judge.

¶ 18　Vacated and remanded with directions.

¶ 19　JUSTICE SCHMIDT, dissenting:

¶ 20　I respectfully dissent. I agree with the majority that the trial court erred in allowing the State to participate in the court's determination that defendant should be denied leave to file a successive postconviction petition. I part company with the majority when it determined that *Bailey* requires reversal and remand. I also disagree that the cause should be reassigned to a different judge on remand.

¶ 21　In *Bailey*, the supreme court found that the trial court erred in allowing the State's participation at the motion for leave to file a successive postconviction stage. *People v. Bailey*, 2017 IL 121450, ¶ 41. Unlike the majority in this case, the supreme court went on to review the merits of defendant's motion in the interests of judicial economy. *Id.* ¶ 42. The supreme court ultimately affirmed the trial court's denial of leave as the record demonstrated that defendant failed to establish cause and prejudice to file a successive postconviction petition. *Id.* ¶ 46. That is, any error was harmless beyond a reasonable doubt.

¶ 22　The genesis of the majority's belief that remand is necessary under *Bailey* comes from this court's decision in *People v. Munson*, 2018 IL App (3d) 150544. *Munson* incorrectly construed and applied *Bailey*. *Munson* assumed that the supreme court in *Bailey* reached the merits of the motion for leave as an exercise of its supervisory authority, which this court lacks. *Id.* ¶ 10. Without explanation, this court's train jumped the tracks in *Munson* when it baldly asserted that to review the merits of defendant's motion would involve an exercise of supervisory authority. *Id.* The problem with this conclusion is that no such language exists in the *Bailey* decision. If the supreme court exercised its supervisory authority, then the *Bailey* decision would have said as much. See *People v. Davis*, 156 Ill. 2d 149, 160 (1993) (explicitly noting that the supreme court was exercising its supervisory authority).

¶ 23　Our supreme court exercises its supervisory authority "only if the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration

of justice, or where intervention is necessary to keep an inferior court or tribunal from acting beyond the scope of its authority." (Internal quotation marks omitted.) *Vasquez Gonzalez v. Union Health Service, Inc.*, 2018 IL 123025, ¶ 17. Nothing about the circumstances in *Bailey* suggest that the normal appellate process would provide inadequate relief. Nor did the supreme court need to intervene to prevent the lower court from exceeding its authority. Instead of exercising its supervisory authority, *Bailey* did what courts of review do all the time: it reviewed the merits of defendant's motion in the interest of judicial economy.

¶ 24 The majority acknowledges authority rejecting *Munson*'s interpretation of *Bailey*. *Supra* ¶ 10 (citing *People v. Conway*, 2019 IL App (2d) 170196, and *People v. Ames*, 2019 IL App (4th) 170569). Both *Conway* and *Ames* rejected the notion that the supreme court exercised its supervisory authority in *Bailey*. These decisions correctly observed that the *Bailey* court reached the merits of defendant's motion for leave in the interest of judicial economy. *Conway*, 2019 IL App (2d) 170196, ¶ 15; *Ames*, 2019 IL App (4th) 170569, ¶ 23. Therefore, *Conway* and *Ames* both held that the appellate court could consider the merits of a motion for leave. We have always reviewed the trial court's judgment rather than its reasoning, and we may affirm on any basis supported by the record. See, *e.g.*, *People v. Olsson*, 2015 IL App (2d) 140955, ¶ 17. Any other result would be an absolute waste of judicial resources.

¶ 25 Moreover, the majority ignores the longstanding principle that successive postconviction petitions are disfavored. See *People v. Edwards*, 2012 IL 111711, ¶ 29 (citing *People v. Wright*, 189 Ill. 2d 1, 38 (1999) (Freeman, C.J., specially concurring, joined by McMorrow, J.)). There is no constitutional right to a successive postconviction petition, only a statutory right. Despite this, the majority gives defendant's motion for leave "most favored status," finding it exempt from the well-settled rule that we can affirm on any basis in the record. So, if the majority is correct, the supreme court in *Bailey* must have signaled its invocation of its supervisory authority with a dog whistle heard only by chosen members of the Third District.

¶ 26 In fairness to the majority, it would not be the first time the supreme court said one thing then later explained that it meant something else. For example, in construing Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), the supreme court explained that its use of the word "or" in Rule 604(d) actually meant "and." See *People v. Tousignant*, 2014 IL 115329, ¶ 20.

¶ 27 In this case, the record is clear that defendant failed to allege facts to support cause for leave to file his successive postconviction petition. Defendant alleged that the trial court improperly allowed the State to amend the indictment without filing a motion requesting the court's permission or resubmitting it to the grand jury. Defendant claimed he had cause to excuse his failure to raise this issue in his first postconviction petition "because the earlier decision did not adequately resolve all of the issues." How did this prevent defendant from raising his successive claim in his original postconviction petition? Defendant failed to explain this. The truth is that nothing about the earlier proceedings prevented defendant from raising this claim earlier. There is no need to discuss prejudice.

¶ 28 Finally, to literally add insult to injury, the majority goes on to hold that the case should be assigned to a different judge on remand. *Supra* ¶ 17. There is no absolute right to a substitution of judge at a postconviction proceeding. *People v. Hall*, 157 Ill. 2d 324, 331 (1993). It is an insult to the bench to assume the trial judge is incapable of making a fair and independent decision on remand. I fail to see any malicious intent in the trial court's error in allowing the State's input, and there is "no indication that the court will not follow the law on remand." *People v. White*, 2017 IL App (1st) 142358, ¶ 43. Following the majority's logic, will this

panel be prohibited from deciding defendants next appeal? That is absurd. Trial judges hear inadmissible evidence and objectionable arguments on virtually a daily basis. Absent evidence to the contrary, we presume they follow the law.

¶ 29        I would affirm the trial court.