**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180678-U

Order filed December 16, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-18-0678 |
| v. | ) | Circuit No. 09-CF-1019 |
| | ) | |
| DENNIS WILLIAMS, | ) | Honorable |
| | ) | John P. Vespa, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Lytton and Justice Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*: The court improperly received input from the State in the proceedings on the defendant's request for leave to file a successive postconviction petition, and the appropriate remedy is remand for new proceedings.

¶ 2     The defendant, Dennis Williams, appeals the Peoria County circuit court's order denying him leave to file a successive postconviction petition. The defendant argues (1) the court erroneously allowed the State to participate in the proceedings on the defendant's request for

leave to file a successive postconviction petition, and (2) appointed counsel failed to comply with Rule 651(c) or provide a reasonable level of assistance.

¶ 3                                     I. BACKGROUND

¶ 4        Following a bench trial, the defendant was found guilty of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2008)) and criminal sexual assault (*id.* § 12-13(a)(1)). The defendant was sentenced to 30 years' imprisonment for aggravated criminal sexual assault. The court did not enter a sentence for criminal sexual assault. On direct appeal, we affirmed the defendant's conviction and sentence. *People v. Williams*, 2013 IL App (3d) 110522-U, ¶ 28.

¶ 5        The defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)) as a self-represented litigant. After providing notice to the defendant, the circuit court recharacterized the pleading as a postconviction petition and summarily dismissed it. On appeal, we affirmed the summary dismissal of the defendant's postconviction petition and awarded him seven additional days of presentence incarceration credit. *People v. Williams*, No. 3-14-0808 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)(2)).

¶ 6        Without obtaining leave of court, the defendant filed a successive postconviction petition, which is the subject of the instant appeal. The circuit court entered a written order stating that it was mandated to advance the petition to the second stage of postconviction proceedings because it had not ruled on the petition within 90 days. The court appointed counsel to assist the defendant. The court noted that the petition the defendant had filed as self-represented litigant and its attachments were "so disjointed that a complete review of [the] same and likely amendment thereto will be needed from defense counsel."

¶ 7    Postconviction counsel moved to withdraw on the basis that the defendant's petition was a successive petition and was not properly before the court or filed until the court granted the defendant leave to file it. Counsel asserted that the petition was not actually in second-stage proceedings because the court had not explicitly granted the defendant leave to file the petition. Counsel stated that the defendant was not entitled to the appointment of counsel until the court granted leave.

¶ 8    A hearing was held on postconviction counsel's motion to withdraw. The State agreed that the successive postconviction petition had not technically been filed because the court had not granted the defendant leave to file it. The court told the defendant it would grant leave to file the successive petition if the defendant had a good reason for not raising the claims in the first petition. The court then asked postconviction counsel and the State if the defendant alleged anything in the second petition that occurred after the first petition was filed. Postconviction counsel said that he was not completely certain, but he did not recall the defendant alleging any events that had occurred after the first petition was filed. The assistant state's attorney said that there was nothing in the successive petition that could not have been raised in the initial petition and that many of the claims in the successive petition were already addressed in the first petition. The defendant said that he had raised newly discovered evidence—namely, photographs—that he did not have at the time he filed his initial petition. He obtained these photographs from the police department pursuant to a request under the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2014)). The State said these photographs were submitted at trial, but the defendant claimed they were not. The court took the matter under advisement.

¶ 9    The court entered a written order allowing postconviction counsel to withdraw and finding that the defendant failed to make the requisite showing of cause and prejudice to show why he should be granted leave to file the successive petition.

¶ 10    II. ANALYSIS

¶ 11    A. State's Participation

¶ 12    The defendant argues that the matter should be remanded for new proceedings on the question of whether he should be granted leave to file his successive petition because the court improperly sought input from the State in making its cause and prejudice determination. The State concedes that its participation at the cause and prejudice stage was improper but argues that this court should conduct its own cause and prejudice analysis rather than remanding the matter for new proceedings in the circuit court. In *People v. Bailey*, 2017 IL 121450, ¶ 20, our supreme court held that "it is premature and improper for the State to provide input to the court before the court has granted a defendant's motion for leave to file a successive petition." The *Bailey* court reasoned that the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) contemplated an independent determination by the circuit court. *Bailey*, 2017 IL 121450, ¶ 24. Accordingly, we accept the State's confession of error.

¶ 13    We now turn to the question of whether the matter should be remanded for new proceedings concerning the defendant's request for leave to file a successive postconviction petition. In *Bailey*, the court did not remand the matter. *Id.* ¶ 42. Rather, the *Bailey* court made its own, independent cause and prejudice determination in the interest of judicial economy. *Id.* In *People v. Lusby*, 2020 IL 124046, ¶ 29 n.1, our supreme court clarified that the appellate court may also take the approach of the *Bailey* court. *Lusby* overruled appellate decisions that have held that the appellate court is precluded from adopting such an approach. *Id.*

4

¶ 14 While *Lusby* allows us to conduct our own cause and prejudice analysis, it does not mandate that we do so. As in *People v. Smith*, 2020 IL App (3d) 170666, ¶ 11, we find that the more appropriate remedy in this case is to remand the matter to the circuit court for a new judge to make an independent cause and prejudice determination without the State's improper participation. "This will ensure that the *circuit court* conducts a truly independent examination ***." (Emphasis in original.) *Id.*; see also *Bailey*, 2017 IL 121450, ¶ 24 (holding that the Act contemplates an independent determination by the circuit court).

¶ 15 Also, as in *Smith*, neither party has made any argument on appeal concerning whether the defendant made the requisite showing of cause and prejudice. The only remedy requested by the defendant is remand, and the State has refrained from making any argument on the matter. Accordingly, as in *Smith*, we find that the more appropriate procedure is to remand the matter to the circuit court. See *Smith*, 2020 IL App (3d) 170666, ¶ 12.

¶ 16                                     B. Performance of Postconviction Counsel

¶ 17 The defendant also argues that the matter should be remanded for further proceedings because postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and failed to address the defendant's *pro se* claims or the issue of obtaining leave to file the successive petition in his motion to withdraw. The defendant contends that, although the Act does not mandate the appointment of counsel at the leave to file stage, the circuit court had discretion to appoint counsel. The defendant argues that once counsel was appointed, counsel had a duty to comply with Rule 651(c). We need not reach this issue because we have already held that remand for new proceedings is warranted on other grounds.

¶ 18 We note, however, that while the circuit court always has discretion to appoint counsel to assist indigent prisoners (see *Tedder v. Fairman*, 92 Ill. 2d 216, 226-27 (1982)), the record in this

5

case does not indicate that the court appointed counsel in an exercise of its discretion. Rather, the court incorrectly believed that the defendant's successive petition was an initial postconviction petition and that appointment of counsel was mandatory because more than 90 days had elapsed. Also, the court did not appoint counsel to assist the defendant in making a showing of cause of prejudice. Instead, the record shows that counsel was appointed for the express purpose of assisting the defendant at the second stage of postconviction proceedings. On remand, while appointment of counsel to assist the defendant at the leave to file stage is not mandated by the Act, the circuit court nevertheless retains the discretion to make such an appointment.

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Peoria County denying the defendant leave to file his successive postconviction petition is reversed. The matter is remanded to the circuit court with directions that the court independently consider the defendant's request for leave to file a successive postconviction petition without receiving input from the State. The proceedings on remand should occur before a new judge. The court may, in its discretion, appoint counsel to assist the defendant at the cause and prejudice stage, but it is not required to do so.

¶ 21        Reversed and remanded with directions.