**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190580-U

Order filed September 28, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0580 Circuit No. 06-CF-359 |
| JOE LEE STEWART, | ) ) ) | The Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Hauptman and Holdridge concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court erred when it allowed the State to participate at the cause-and-prejudice stage of successive postconviction proceedings.

¶ 2    In 2006, the defendant, Joe Lee Stewart, was convicted of first degree murder and was sentenced to 55 years of imprisonment. In 2019, the circuit court denied Stewart's motion for leave to file a successive postconviction petition, which, like his initial postconviction petition, alleged that his trial counsel labored under a conflict of interest. On appeal, Stewart argues that

the court erred when it denied his motion for leave.  We reverse and remand for further proceedings.

¶ 3                                    I.  BACKGROUND

¶ 4        Most of the facts pertinent to this appeal have been presented in previous appeals filed by Stewart; in particular, *People v. Stewart* (*Stewart III*), 2018 IL App (3d) 160408.

¶ 5         In 2006, Stewart was found guilty of the first degree murder (720 ILCS 5/9-1(a)(1) (West 2004)) of Leon Riley.  At the time he shot and killed Riley on August 27, 2005, Stewart was two months shy of his 21st birthday.  Stewart was sentenced to a total of 55 years of imprisonment—30 years on the first degree murder conviction plus 25 years for a firearm enhancement.

¶ 6        On direct appeal, this court awarded Stewart additional credit toward his sentence for time spent in presentence custody but otherwise affirmed his conviction and sentence.  *People v. Stewart* (*Stewart I*), No. 3-06-0874 (2008) (unpublished summary order under Illinois Supreme Court Rule 23).

¶ 7        On September 8, 2008, Stewart filed a *pro se* postconviction petition alleging, *inter alia*, that trial counsel, Mark Rose, labored under a conflict of interest because Rose had previously represented Riley.  The petition also alleged that Rose was ineffective for failing to disclose to him the former representation of Riley, thereby depriving Stewart of the opportunity to waive his right to conflict-free counsel.  The circuit court summarily dismissed the petition as frivolous and patently without merit, and this court affirmed the circuit court's ruling on appeal.  *People v. Stewart* (*Stewart II*), 405 Ill. App. 3d 1216 (2010) (table) (unpublished order under Illinois Supreme Court Rule 23).  This court's decision noted, *inter alia*, that Stewart had "failed to attach any affidavits, records, or other evidence to support his allegations of conflict of interest"

2

and that he had failed to include facts sufficient to "make clear the nature of the conflict of interest he allege[d]." *Id.*, slip order at 6.

¶ 8    On July 9, 2015, Stewart filed a *pro se* pleading entitled "Motion in Nature of Writ of Error Coram Nobis." The pleading alleged that relief was being sought under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). The pleading also realleged the conflict-of-interest argument that Stewart raised in his 2008 postconviction petition. This time, Stewart included a document indicating that one of the attorneys representing Riley in a 2002 aggravated robbery case was "M. Rose." Stewart further stated that he was able to secure the document with the help of family members and that he "exercised due diligence in securing this information/evidence as directed by the appellate court."

¶ 9    Significant discussion was had in the circuit court about whether Stewart's pleading was actually a postconviction petition. The State ultimately filed a motion to dismiss the pleading, which addressed it as a section 2-1401 petition. Stewart was allowed to file a *pro se* response, even though the record does not indicate his public defender had withdrawn. Stewart's response argued that the conflict was a *per se* conflict and asked that the court construe the pleading as a successive postconviction petition. Stewart also attached a "Motion for Leave to File Successive Post-Conviction Petition Pursuant to 725 ILCS 5/122-1(f)." In that motion, Stewart argued that he had cause for failing to bring the conflict-of-interest claim in his previous postconviction petition because he was waiting on family members to assist him in obtaining the necessary documentation of Rose's prior representation of Riley. He also alleged that prejudice resulted from his failure to bring the claim earlier because "the claim infected [his] judgment of conviction."

3

¶ 10    In its order granting the State's motion to dismiss, the circuit court repeatedly referred to Stewart's pleading as a postconviction petition. The court ruled that Stewart's pleading was untimely, barred by *res judicata*, and "fail[ed] to 'clearly set forth the respects in which petitioner's constitutional rights were violated.' " The court's order also stated that the ruling was a final judgment under section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a)(2) (West 2014)).

¶ 11    On appeal, this court held that the circuit court erred when it recharacterized Stewart's pleading as a postconviction petition without providing him the proper admonishments pursuant to *People v. Shellstrom*, 216 Ill. 2d 45 (2005). *Stewart III*, 2018 IL App (3d) 160408, ¶ 16. Accordingly, we vacated the circuit court's judgment and remanded the case for the circuit court to provide *Shellstrom* admonishments. *Id.* ¶ 22.

¶ 12    On February 13, 2019, before the case was addressed on remand, Stewart filed a motion for leave to file a successive postconviction petition. In that motion, Stewart alleged that cause existed for his failure to bring his conflict-of-interest claim earlier because (1) the supreme court's decision in *People v. Hernandez*, 231 Ill. 2d 134 (Sept. 18, 2008), changed the law regarding *per se* conflicts of interest; (2) he had newly discovered evidence in the form of a document showing Rose's prior representation of Riley; (3) he was only able to obtain the document with the assistance of his family; and (4) fundamental fairness precluded the application of *res judicata*. Stewart further alleged that prejudice was presumed from a *per se* conflict of interest.

¶ 13    The circuit court held a hearing on pending matters on April 5, 2019. After giving Stewart the *Shellstrom* admonishments, the court asked whether Stewart intended to withdraw his 2015 motion in favor of his February 2019 motion for leave to file a successive

4

postconviction petition. It was determined that Stewart wanted to amend the 2015 motion so it could be recharacterized as a successive postconviction petition. The prosecutor stated that "I think we just need to set it over to give the State an opportunity to respond to whether he should get leave." The case was continued.

¶ 14    On April 18, 2019, Stewart filed another *pro se* motion for leave to file a successive postconviction petition. That motion realleged the same cause-and-prejudice argument from his February 2019 motion. Stewart also filed an amended postconviction petition, which detailed his *per se* conflict-of-interest claim.

¶ 15    At a hearing on June 28, 2019, Stewart indicated that he wished to proceed on his April 2019 filing. The case was continued, and the State was given leave to file a response.

¶ 16    The State filed its response on September 20, 2019, the same day the circuit court held a hearing on Stewart's motion for leave. At the hearing, the court denied Stewart's motion, ruling that "this issue has been previously litigated in the first post-conviction petition and then again during the appeal."

¶ 17    Stewart appealed.

¶ 18                                II. ANALYSIS

¶ 19    On appeal, Stewart argues that the circuit court erred when it denied his motion for leave to file a successive postconviction petition. Specifically, he contends, *inter alia*, that the court impermissibly allowed the State to participate at the cause-and-prejudice stage of successive postconviction proceedings.

¶ 20    Section 122-1(f) of the Act states that a petitioner may file a successive postconviction petition only if he or she obtains leave of court to do so. 725 ILCS 5/122-1(f) (West 2018). "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to

5

bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* We review a circuit court's decision to deny leave of court to file a successive postconviction petition *de novo*. *People v. Lusby*, 2020 IL 124046, ¶ 27.

¶ 21 In *People v. Bailey*, 2017 IL 121450, our supreme court addressed the question of whether the State should be allowed to participate in the cause-and-prejudice determination of successive postconviction proceedings. The *Bailey* court reasoned that

> "Because the [circuit] court is capable of making an independent determination on the legal question of whether adequate facts have been alleged for a *prima facie* showing of cause and prejudice and because the statute makes no provision for an evidentiary hearing and the petition, itself, is not actually filed until leave has been granted by the court, we see no reason for the State to be involved at the cause and prejudice stage."
>
> *Id.* ¶ 25.

The *Bailey* court also emphasized that it would be inequitable, fundamentally unfair, and potentially violative of due process to allow the State to participate because (1) successive postconviction petitions are usually filed *pro se* and (2) the Act does not provide for the petitioner to receive representation by counsel unless the petition is docketed. *Id.* ¶ 27. For these reasons, the *Bailey* court held that "the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings." *Id.* ¶ 24.

¶ 22 In this case, the circuit court allowed the State to participate at the cause-and-prejudice stage by allowing it to file a response to Stewart's *pro se* successive postconviction petition. Doing so was error. *Id.*

6

¶ 23    Regarding the remedy for such an error, our supreme court expounded on *Bailey*'s holding in *Lusby*, 2020 IL 124046, in part by establishing that when the State has participated in the cause-and-prejudice stage, a reviewing court has the discretion to (1) consider the defendant-petitioner's motion for leave on its merits in the interest of judicial economy or (2) remand the case for the circuit court to conduct the independent determination. *Id.* ¶ 29 n.1. Notably, the *Lusby* court did not indicate which remedy was preferable. See *id.*

¶ 24    In part because "judicial economy" is an ill-defined notion, we choose to remand the case. Further, we direct the circuit court to assign the case to another judge to ensure that a truly independent determination of Stewart's motion for leave can be made. *People v. Smith*, 2020 IL App (3d) 170666, ¶ 11.

¶ 25                              III.  CONCLUSION

¶ 26    The judgment of the circuit court of Peoria County is reversed, and the cause is remanded for further proceedings.

¶ 27    Reversed and remanded.