**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200236-U

Order filed August 11, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-20-0236 |
| v. | ) | Circuit No. 06-CF-359 |
| | ) | |
| JOE LEE STEWART, | ) | The Honorable |
| | ) | Paul Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Holdridge and Justice Brennan[1] concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err when it denied the defendant's motion for leave to file a successive postconviction petition, which was based on a claim that his sentence was unconstitutional because it failed to account for his youth and attendant circumstances.

---

[1] Justice Brennan was substituted for Justice Hauptman after oral argument upon his election to the Third District Appellate Court, effective December 5, 2022. He has read the briefs and listened to the recording of the oral argument.

¶ 2        In 2006, the defendant, Joe Lee Stewart, was convicted of first degree murder and was sentenced to 55 years of imprisonment. In 2020, he filed a motion for leave to file a successive postconviction petition, alleging that his 55-year prison sentence was unconstitutional as applied to him because it failed to account for his youth and attendant circumstances. The circuit court denied the motion. On appeal, Stewart argues that the court erred when it denied his motion. We affirm.

¶ 3                                                    I.  BACKGROUND

¶ 4        In 2006, Stewart was found guilty of the first degree murder (720 ILCS 5/9-1(a)(1) (West 2004)) of Leon Riley. At the time he shot and killed Riley on August 27, 2005, Stewart was 20 years old. Stewart was sentenced to a total of 55 years of imprisonment—30 years on the first degree murder conviction plus 25 years for a firearm enhancement. Stewart filed a motion to reconsider sentence in which he argued that his sentence was excessive and that the circuit court failed to properly consider, weigh, and balance aggravating and mitigating factors. That motion was denied.

¶ 5        On direct appeal, Stewart argued only that he was entitled to additional credit toward his sentence for time spent in presentence custody. This court ruled that Stewart was in fact entitled to that additional credit but we otherwise affirmed his conviction and sentence. *People v. Stewart*, No. 3-06-0874 (2008) (unpublished summary order under Illinois Supreme Court Rule 23).

¶ 6        On September 8, 2008, Stewart filed a *pro se* postconviction petition alleging, in part, that trial counsel labored under a conflict of interest and raising no challenge to any aspect of his sentence. The circuit court summarily dismissed the petition as frivolous and patently without

2

merit, and this court affirmed the circuit court's ruling on appeal. *People v. Stewart* (*Stewart II*), 405 Ill. App. 3d 1216 (2010) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7    Stewart filed a *pro se* pleading entitled "Motion in Nature of Writ of Error Coram Nobis" in July 2015. The pleading realleged the conflict-of-interest argument that Stewart raised in his 2008 postconviction petition but included a document this time indicating that trial counsel had represented Riley in a 2002 aggravated robbery case. The pleading did not challenge his sentence in any way.    The circuit court eventually recharacterized the pleading as a postconviction petition and dismissed it. On appeal, this court held that the circuit court erred when it recharacterized Stewart's pleading as a postconviction petition without providing him with the proper admonishments pursuant to *People v. Shellstrom*, 216 Ill. 2d 45 (2005). *People v. Stewart*, 2018 IL App (3d) 160408, ¶ 16. Accordingly, we vacated the circuit court's judgment and remanded the case for the circuit court to provide *Shellstrom* admonishments. *Id.* ¶ 22.

¶ 8    In February 2019, before the case was addressed on remand, Stewart filed a motion for leave to file a successive postconviction petition in which he realleged his conflict-of-interest claim and did not challenge his sentence in any way.

¶ 9    The circuit court held a hearing on pending matters on April 5, 2019. After giving Stewart the *Shellstrom* admonishments[2], the court asked whether Stewart intended to withdraw his 2015 motion in favor of his February 2019 motion for leave to file a successive postconviction petition. It was determined that Stewart wanted to amend the 2015 motion so it could be recharacterized as a successive postconviction petition. The case was continued.

---

[2] Specifically, the circuit court told Stewart that the recharacterization of his pleading "meant that the petition is subject to restrictions on successive post-conviction petitions, and you can -- well, and I'm going to give you an opportunity to withdraw or amend the pleadings so that it contains all the factors and arguments appropriate to a successive post-conviction petition that you believe you have."

3

¶ 10 Stewart filed another *pro se* motion in April 2019 seeking leave to file a successive postconviction petition. That motion realleged his conflict-of-interest argument and did not challenge his sentence in any way. Stewart's 2019 motion was ultimately denied, and we reversed that denial and remanded the case for further proceedings (*People v. Stewart*, 2022 IL App (3d) 190580-U (unpublished order under Supreme Court Rule 23)).

¶ 11 In March 2020, Stewart again sought leave to file another motion for leave to file a successive postconviction petition. For the first time, he alleged that his 55-year prison sentence was a *de facto* life sentence that violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) in that the sentencing court failed to consider his youth and attendant circumstances when assessing his rehabilitative potential.

¶ 12 On June 9, 2020, the circuit court issued a written order denying Stewart's motion. The court ruled that Stewart failed to satisfy the prejudice prong of the cause-and-prejudice test applicable to successive postconviction petitions because he made no attempt "to show how the theory of the 'emerging adult' applied to his case and why he was prejudiced." The court also stated that "a defendant must sufficiently develop his record as to how the emerging adult theory 'applies to his particular circumstances' before a new sentencing hearing will be granted."

¶ 13 Stewart appealed.

¶ 14        II.  ANALYSIS

¶ 15 On appeal, Stewart argues that the circuit court erred when it denied his motion for leave to file a successive postconviction petition. He contends that he satisfied the cause-and-prejudice test applicable to successive postconviction petitions and, therefore, this case should be remanded for second-stage postconviction proceedings.

¶ 16    The Post-Conviction Hearing Act (Act) contemplates the filing of only one postconviction petition. 725 ILCS 5/122-1(f) (West 2018). To be able to file a successive postconviction petition, a defendant must first obtain leave of court. *Id.* Obtaining leave is predicated upon satisfying the cause-and-prejudice test. *Id.* "[A] prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.*; see also *People v. Jackson*, 2021 IL 124818, ¶ 30 (holding that "[t]o establish 'cause,' petitioner must show some objective factor external to the defense that impeded his ability to raise the claim in his initial postconviction proceeding"). "[A] prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 17    We review a circuit court's decision to deny leave to file a successive postconviction petition *de novo*. *People v. Lusby*, 2020 IL 124046, ¶ 27.

¶ 18    In this case, Stewart argues that he satisfied the cause prong because the cases on which his 2020 motion primarily relied (*People v. House*, 2015 IL App (1st) 110580 (*vacated by* No. 122134, 111 N.E.3d 940 (Nov. 28, 2018) (supervisory order)), *People v. Harris*, 2016 IL App (1st) 141744 (*aff'd in part, rev'd in* part, 2018 IL 121932), and *People v. Buffer*, 2017 IL App (1st) 142931 (*aff'd on other grounds*, 2019 IL 122327) [3] had not been decided until after his initial postconviction petition and his 2015 motion that was eventually recharacterized as a postconviction petition. He further claims that even though he filed a motion for leave to file a successive postconviction in April 2019, that motion was nothing more than an amended version

---

[3] We note that even though Stewart's 2020 motion for leave to file a successive postconviction petition cited to the First District's decision in *Buffer*, on appeal he cites to the supreme court's 2019 decision in *Buffer*. We do not consider this attempt by Stewart to rewrite the basis of his 2020 motion.

of his 2015 motion. For that reason, coupled with the fact that he was allegedly never told that he could add claims to his 2019 motion, Stewart concludes that he established cause as to why he did not bring his proportionate penalties claim earlier.

¶ 19       While Stewart does not raise a challenge based on the eighth amendment in this appeal, it is important to note that the cases he cites have their origins in eighth amendment jurisprudence; namely, *Miller v. Alabama*, 567 U.S. 460 (2012), in which the United States Supreme Court held, in part, that a mandatory life sentence for an individual under 18 years of age violates the eighth amendment's prohibition of cruel and unusual punishment. *Id.* at 465. Our supreme court has extended *Miller* to *de facto* life sentences. *People v. Reyes*, 2016 IL 119271, ¶¶ 9-10; *Buffer*, 2019 IL 112327, ¶¶ 40-41. Additionally, our supreme court expressly stated that *Miller*'s protections do not extend beyond age 18 in the eighth amendment context. *Harris*, 2018 IL 121932, ¶ 61.

¶ 20       However, the proportionate penalties clause of the Illinois Constitution provides broader protections than the eighth amendment. *People v. Clemons*, 2012 IL 107821, ¶ 40. Thus, postconviction defendants can raise youth-based, as-applied constitutional challenges to their sentences under the proportionate penalties clause based on the evolving science related to juvenile maturity and brain development. See, *e.g.*, *People v. House*, 2021 IL 125124, ¶ 31-32; *Harris*, 2018 IL 121932, ¶¶ 46-48; *People v. Thompson*, 2015 IL 118151, ¶ 44. But the ability to raise such arguments is not unfettered.

¶ 21       In *People v. Dorsey*, 2021 IL 123010, our supreme court clarified that the unavailability of *Miller* or the cases which have followed it does not establish cause for a successive postconviction petition that raises a youth-based challenge to a sentence under the proportionate penalties clause. *Id.* ¶ 74. The *Dorsey* court added: "Illinois courts have long recognized the

6

differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' " *Id.*; *cf. People v. Guerrero*, 2012 IL 112020, ¶ 20 (holding that "the lack of precedent for a position differs from 'cause' for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, in order to preserve it for review").

¶ 22    Subsequently, our supreme court has reaffirmed and even extended *Dorsey*'s holding in *People v. Clark*, 2023 IL 127273, ¶¶ 61-62 (reaffirming *Dorsey* and extending its reasoning to a defendant who raised a proportionate penalties clause challenge based on intellectual disabilities), and *People v. Moore*, 2023 IL 126461, ¶ 40 (holding that because "*Miller* does not directly apply to young adults, it also does not provide cause for a young adult offender to raise a claim under the proportionate penalties clause"). *Dorsey* and its progeny compel us in this case to hold that Stewart cannot establish cause for failing to bring his youth-based challenge to his sentence earlier.

¶ 23    Lastly, we reject Stewart's attempt to base his cause argument in part on a claim that he "was never informed that he could add new claims to [his 2015] petition," which neither identifies who had a duty to inform him nor provides any supporting citation in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). Further, in accord with our decision in *Stewart*, 2018 IL App (3d) 160408, Stewart was given appropriate *Shellstrom* admonishments by the circuit court.

¶ 24    For the foregoing reasons, we hold that Stewart's motion for leave did not satisfy the cause prong of section 122-1(f) of the Act. Accordingly, we hold that the circuit court did not err when it denied his motion for leave to file a successive postconviction petition.

¶ 25                                    III.  CONCLUSION

¶ 26          For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 27          Affirmed.